ROSS, Respondent, v. PETER MINTENER LBR. CO.,
Appellant.

(235 N. W. 119.)

(File No. 6991.   Opinion filed February 27, 1931.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.
*Will G. Robinson,* of Pierre, for Respondent.

MISER, C.   In this case there is no dispute that appellant offered to respondent a month's salary of $150 in lieu of thirty days' notice at the expiration of a long period of employment as manager of one of appellant's lumber yards.   There is a dispute as to the conditions imposed and accepted in that offer and as to whether those conditions were fulfilled.   The evidence on this point is conflicting and the verdict decisive of that matter.

Appellant also assigns as error the refusal of the court to instruct the jury to find a verdict on its counter claim.   In the final accounting between appellant and respondent, respondent produced certain checks in lieu of cash.   All of these checks except one for $3 had been accepted by respondent in payment of goods sold to customers.   They were all made payable to appellant.   Despite his efforts to collect them, respondent had been unable to do so.   At the time of final settlement they were admittedly worthless.   Respondent testified that he had treated them as cash when received and carried them as cash thereafter.   This was not according to the method prescribed by appellant company for handling dishonored checks.   Respondent claims that they were appellant's property, and, when taken into account, left no balance due from him to it.   He testified that when the checks turned out to be bad, he had a right to credit himself with cross-entries in cash and to take

credit for them on his report to appellant. It appears that he did not attempt to take credit for them until after being given notice of termination of his employment. It is highly probable that appellant company would not have held respondent personally liable had he complied with its rules for handling such claims. But the evidence, though conflicting, is such as to permit a finding that the company's loss was not due to his disregard of its rules of accounting, but to the fact that he sold goods to, and accepted checks from, customers whose checks later proved to be not good. There was sufficient evidence to justify the submission of the counter claim to the jury and its verdict is conclusive.

The judgment and order appealed from are affirmed.

POLLEY, P, J., and BURCH, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, J., concurs in the affirmance.